IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:98CR3056 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SHON HOPWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant, Shon Hopwood, has filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(5). Hopwood requests that the court reconsider the judgment that was entered on December 4, 2000, denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He argues that the court erred in concluding his motion was time-barred.

In particular, Hopwood takes issue with the court's determination that the "newly recognized right" exception to § 2255's one-year period of limitation, i.e., subsection (3), did not apply to an Apprendi[1] claim because the Supreme Court had not made its decision retroactively applicable to cases on collateral review. He cites cases from other circuits which have since held that a court other than the Supreme Court can make the retroactivity decision for purposes of § 2255(3), and argues that this represents a significant change in decisional law, such that "it is no longer equitable that the judgment should have prospective application." Fed. R. Civ. P. 60(b)(5). Even assuming that Rule 60(b)(5) conceivably could apply in this situation, the motion must be filed "within a reasonable time." Id. The cases that Hopwood cites, Ashley v. United States, 266 F.3d 671 (7th Cir. 2001), United States v. Lopez, 248 F.3d 427 (5th Cir. 2001), Garcia v. United States, 278 F.3d 1210 (11th Cir.

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000).

2002), and United States v. Swinton, 333 F.3d 481 (3rd Cir. 2003), are hardly "hot off the presses." Considering also that Hopwood's Rule 60(b)(5) motion is directed at a judgment that was entered more than four years ago, I find that it was not filed within a reasonable time.

Moreover, Hopwood previously sought reconsideration of the judgment by filing a motion pursuant to Federal Rule of Civil Procedure 59(e). In denying that motion, I specifically noted that I had decided on December 7, 2000, in another § 2255 case, United States v. Johnson, 126 F. Supp. 2d 1222 (D.Neb. 2000), that Apprendi does not apply retroactively. The Eighth Circuit reached the same conclusion about six months later in United States v. Moss, 252 F.3d 993, 997 (8th Cir. 2001). Thus, Hopwood's Rule 60(b)(5) motion is an exercise in futility.

I also stated in denying Hopwood's § 2255 motion, and reaffirmed in denying his Rule 59(e) motion, that there was no merit to his Apprendi claim because the sentence he received was below the statutory maximum. I also later refused to issue a certificate of appealability, stating that "[w]hile the non-retroactivity of Apprendi may be debatable, and while there may also be a question as to the correctness of the court's procedural ruling that Defendant's § 2255 motion is time-barred, it is clear under Eighth Circuit precedent that Defendant's constitutional claim is without merit." (Filing 59, p. 2.) On September 6, 2001, the Eighth Circuit likewise refused to issue a certificate of appealability. (Filing 61.)

Rule 60(b)(5) cannot be used by Hopwood to obtain a reconsideration on the merits of his § 2255 motion. It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure. United States v. Lambros, No. 04-1559, — F.3d —, 2005 WL 840119, *2 (8th Cir. Apr. 13, 2005).

For the several reasons stated above,

IT IS ORDERED that the defendant's motion for relief from judgment (filing 64) is denied.

DATED: May 9, 2005.                    BY THE COURT:

                                                           s/ Richard G. Kopf
                                                           United States District Judge